IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN ILLINOIS - EASTERN

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 CASE |
| | ) | |
| WASHINGTON, LEOLA CONELLA | ) | CASE NO. 05-48312-ABG |
| | ) | |
| Debtor(s) | ) | Hon. A. BENJAMIN GOLDGAR |
| | ) | BANKRUPTCY JUDGE |
| | ) | |

**TRUSTEE'S FINAL REPORT**

    Andrew J. Maxwell, Trustee herein, respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. Section 704(9), as follows:

    1.    The Petition commencing this case was filed on 11th day of October, 2005. Andrew J. Maxwell was appointed Trustee on October 11, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

    2.    The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee to administer this estate are set forth on Exhibit A.

    3.    The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $6,300.00. The property abandoned, or sought to be abandoned, along with the reasons for abandonment, is described in Exhibit B.

    4.    A summary of the Trustee's final account as of March 20, 2009 is as follows:

| | | |
|---|---|---:|
| a. | RECEIPTS (See Exhibit C) | $ 19,640.30 |
| b. | DISBURSEMENTS (See Exhibit C) | $ 439.38 |
| c. | NET CASH available for distribution | $ 19,200.92 |
| d. | ADMINISTRATIVE EXPENSES: | |

|  |  |  |
|---|---|---|
| 1. | Trustee compensation requested (See Exhibit E) | $2,714.03 |
| 2. | Trustee Expenses (See Exhibit E) | $0.00 |
| 3. | Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $19,299.88 |

5. The Bar Date for filing unsecured claims expired on June 15, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (See Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

|  |  |  |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $22,013.91 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $44,942.40 |
| f. | Debtor Exemption | $0.00 |
| g. | Debtor Surplus | $0.00 |

7. This is an administratively insolvent case. After the *pro rata* payment of administrative claims, there will be no funds available to pay allowed priority or unsecured creditors.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorneys', accountants', or other professionals' compensation requested but not yet allowed is $19,299.88. The total of Chapter 7 professional fees and expenses requested for final allowance is $19,299.88. (See Exhibit G).

9. A fee of $800.00 was paid to Debtor's attorney for services rendered in connection with this case, and no basis appears to request an examination of said fee pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing under 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and

reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, permit destruction of the Debtor's records in the possession of the Trustee, and for such other relief as the Court shall deem proper.

                RESPECTFULLY SUBMITTED:

                /s/ Andrew J. Maxwell
                Andrew J. Maxwell, Trustee
                105 W. Adams
                Suite 3200
                Chicago, IL  60603